# Court of Appeals
# of the State of Georgia

ATLANTA, March 17, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1183. DANITTA ROSS-MORTON v. WELLS FARGO BANK, N.A.**

This case began as a dispossessory proceeding in magistrate court that was later appealed to state court. Both the magistrate court and the state court issued writs of possession.[1] Following the state court's ruling, Danitta Ross-Morton and other petitioners filed in the superior court a "Petition for Writ of Certiorari Under OCGA § 5-4-3" seeking review of the writ of possession issued by the state court. The superior court transferred the case to this Court concluding that it had no appellate jurisdiction to review the state court ruling. We, however, lack jurisdiction.

Because this is a dispossessory action, the petitioners were required to comply with OCGA § 44-7-56 in order to seek review. That Code section provides that "[a]ny judgment by the trial court shall be appealable pursuant to Chapters 2, 3, 6, and 7 of Title 5." And, because the petitioners sought to appeal from a state court order disposing of a de novo appeal from a magistrate court, they were required to file an application for discretionary review in this Court. See OCGA § 5-6-35 (a) (11), (b); *Strachan v. Meritor Mtg. Corp. East*, 216 Ga. App. 82 (453 SE2d 119) (1995). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). The petitioners filed a writ of certiorari pursuant to OCGA § 5-4-3, but Chapter 4 of Title

---

[1] This Court has either dismissed or denied the petitioners' discretionary applications involving an earlier writ of possession in favor of Wells Fargo Bank, N.A. in this case. See A19D0275 (denied February 1, 2019) and A18D0016 (dismissed August 22, 2017).

5, governing certiorari to superior court, is specifically omitted from OCGA § 44-7-56 as a method to appeal from a trial court ruling in a dispossessory proceeding. Therefore, notwithstanding the fact that the petitioners attempted to seek review in the superior court rather than this Court, they failed to follow the proper appellate procedure. Compare *Laster v Nat. Collegiate Student Loan Trust*, 328 Ga. App. 542, 542-543 (762 SE2d 430) (2014) (case inadvertently filed in wrong court; notice of appeal directed to superior court from state court judgment should have been transferred to Court of Appeals rather than dismissed by superior court). This Court is therefore without jurisdiction to consider this transferred case, which is hereby DISMISSED. Petitioner Ross-Morton's motion to transfer this case back to the superior court is hereby DENIED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__03/17/2020_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.